# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SOLOMON M. BROOKS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents.*

2:10-cv-00045-GMN-LRL

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motions (## 12 & 13) for a stay pending exhaustion of state court remedies or in the alternative for enlargement of time to file an amended petition and on respondents' motion (#17) to dismiss.

### *Background*

Petitioner Solomon Brooks seeks to set aside his September 13, 2007, Nevada state conviction, pursuant to a guilty plea, of battery with the use of a deadly weapon and attempted robbery. He was sentenced to consecutive terms of 26 to 120 months and 16 to 72 months, with 96 days credit for time served.[1]

The thirty-day time period for filing a notice of appeal expired on Monday, October 15, 2007. Petitioner filed a notice of appeal one day late, on October 16, 2007.[2]

////

---

[1] #14, Ex. 7.

[2] #14, Exhs. 7 & 10.

In the meantime, petitioner filed a motion to withdraw plea, to set aside the judgment of conviction, or in the alternative to modify sentence on October 15, 2007. The state district court denied the motion, and the state supreme court affirmed on appeal. The remittitur issued on February 17, 2009.[3]

During the pendency of the above proceedings, on April 9, 2008, the state supreme court dismissed the direct appeal from the judgment of conviction as untimely.[4]

On or about May 14, 2008, also during the pendency of the above proceedings on the October 15, 2007, motion, petitioner mailed a state post-conviction petition to the state district court clerk for filing. The state district court denied relief. In an October 28, 2009, order, the state supreme court affirmed in part, reversed in part, and remanded for further proceedings on certain of the claims. A petition for rehearing filed by petitioner's mother and an untimely petition filed by petitioner subsequently were dismissed, and the remittitur issued on December 29, 2009.[5]

With the state post-conviction proceedings still pending on remand, petitioner mailed the present federal petition to the Clerk of this Court for filing on or about January 5, 2010.

During the pendency of these federal proceedings, the state district court has held an evidentiary hearing and denied the claims pursued on the remand. The state post-conviction proceedings currently are pending on appeal in the Supreme Court of Nevada via a notice of appeal mailed on or after November 15, 2010, and filed on November 19, 2010. The State's fast track response on the appeal was filed on March 2, 2011. #15, Ex. 68; #27, Ex. 79.

---

[3] #14, Exhs. 8-9 & 13; #15, Exhs. 44 & 47. Petitioner's index of exhibits instead lists the date that the remittitur was filed by the state supreme court clerk after it was received and returned by the state district court clerk, not the date that it was issued by the state supreme court. The index also incorrectly identifies the appeal to which Ex. 15 pertains.

[4] #14, Exhs. 17-18.

[5] #14, Ex. 22, #15, Exhs. 35, 50, 53 & 55. The index of exhibits again does not state the date that the remittitur was issued as opposed to the date that the receipt for the remittitur was received back from the state district court and filed. The index of exhibits lists the date for a supreme court clerk's certificate of the judgment, Ex. 54, as January 5, 2010. The certificate instead was issued by the state supreme court clerk on December 29, 2009, the same date that the remittitur issued. The certificate was stamped filed in the state district court on January 5, 1010.

It thus would appear – even after wholly discounting the untimely direct appeal as a potential tolling event as to the federal one-year limitation period – that state proceedings seeking to challenge the conviction and sentence have been pending, continuously, from the October 15, 2007, date of the expiration of time for taking a direct appeal through the present date.  *Cf.* 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").[6]

### *Discussion*

### *Prematurity*

Respondents seek the dismissal of the petition on, *inter alia*, the ground that the federal petition is premature prior to the completion of the state post-conviction proceedings, relying principally upon *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

This Court repeatedly has rejected this argument in the situation where the pending state proceedings are post-conviction proceedings as opposed to the original state criminal proceedings.[7]

The distinction between the original state criminal proceedings and post-conviction proceedings is one with a difference.  The rule of restraint in *Sherwood* ultimately is grounded in principles of comity that function independently of the exhaustion doctrine and that instead flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[8]  Under the *Younger* abstention doctrine, federal courts may not interfere with

---

[6] The Court makes no definitive holding as to accrual or tolling of the federal limitation period in this case. It is petitioner's responsibility to track the running of the federal limitation period and file a timely petition.

[7] *See, e.g., Luster v. Director,* No. 2:04-cv-00334-RLH-RJJ, #91, at 11-12 (D. Nev., Sept. 15, 2009) ; *Linder v. Donat*, No. 3:07-cv-00425-HDM-RAM, #22, at 2 n.2 (D. Nev., May 1, 2008)(collecting multiple prior decisions by this Court rejecting the same argument).

[8] *Sherwood* relied upon, *inter alia*, *Carden v. Montana*, 626 F.2d 82 (9th Cir. 1980), which explicitly based the denial of federal habeas relief during the pendency of the original state criminal proceedings upon principles of comity derived from the *Younger* abstention doctrine.  626 F.2d at 83-85.  *See also Edelbacher*
(continued...)

-3-

*pending state criminal proceedings* absent extraordinary circumstances. Such abstention concerns are not present where, as here, the state criminal proceedings have concluded. Once the state criminal proceedings, including any direct appeal, have concluded, federal habeas review under 28 U.S.C. § 2254 is fully available, subject to otherwise applicable principles regarding, *e.g.,* exhaustion.

Respondents cite no controlling *apposite* jurisprudential or statutory authority[9] setting forth a rule that an otherwise exhausted federal habeas petition is subject to dismissal if filed during the pendency of state post-conviction or other collateral review proceedings. If claims in the federal petition are not exhausted, then that is a matter to be addressed, as to those claims, under the rules regarding exhaustion. On the other hand, as to fully-exhausted claims, there is no basis for dismissal of the federal petition merely because other state post-conviction proceedings also are pending. A petitioner in that situation runs the substantial risk that a later federal petition seeking to raise the other claims after exhaustion of those claims will be dismissed, *e.g.*, as successive or possibly as time-barred. However, whether to seek federal habeas relief without waiting for the conclusion of the other state post-conviction proceedings, and to thereby run that risk, is a matter for the petitioner in that situation to determine.

The Court similarly is not persuaded that federal habeas relief is unavailable under the cited authorities on exhausted claims merely because the pending state post-conviction proceedings potentially could effectively moot the federal proceeding in full or in part, or vice-

---

[8](...continued)
*v. Calderon*, 160 F.3d 582, 586 n.5 & 587 (9th Cir. 1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1033 & n.2 (9th Cir. 1995); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *Drury v. Cox*, 457 F.2d 764 (9th Cir. 1972).

[9]The Court is not persuaded by respondents' citation to the 1964 decision in *Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964). The extremely brief opinion in *Schnepp* states in pertinent part conclusorily only that the petitioner in that case "now has a post conviction proceeding pending in the courts of Oregon, and therefore has not exhausted his presently-available state remedies." The 47-year-old *Schnepp* opinion contains no procedural history that would reflect precisely what was being held in the case. The opinion does not constitute authority clearly holding that a petitioner who otherwise has exhausted claims may not proceed forward in federal court merely because state post-conviction proceedings on other claims are pending.

versa.[10] While respondents urge that petitioner fails to present a sufficiently ripe case or controversy, petitioner quite clearly presents a justiciable case or controversy. Petitioner, currently, is incarcerated under a conviction that he challenges as being obtained in violation of the Constitution. The mere pendency of post-conviction proceedings in state court does not eliminate the existence of that presently justiciable controversy. Again, a petitioner proceeds in this context at the peril of, *inter alia*, rendering a subsequent federal petition successive if the federal district court adjudicates the federal petition on the merits before the completion of the state proceedings. But the petitioner without question presents a justiciable case or controversy.

The Court accordingly holds that these federal habeas proceedings are not subject to dismissal on the ground of prematurity based merely upon the pendency of the state post-conviction proceedings.[11]

### *Exhaustion*

Respondents further seek the dismissal of the petition on the premise that the federal petition in this matter is wholly unexhausted, following upon the untimely state direct appeal and the not yet fully concluded state post-conviction proceedings.

Petitioner does not challenge the premise that the petition is unexhausted and cannot be exhausted prior to the completion of the state proceedings. Petitioner instead urges that a stay under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), may be ordered as to a wholly unexhausted petition and should be ordered in this case.

---

[10] *Cf. Phillips*, 56 F.3d at 1033 ("The [*Younger*] rule against staying a proceeding does not prevent us from deciding a related issue, even if that decision ultimately renders the state proceeding moot.").

[11] If the mere pendency of parallel state post-conviction proceedings rendered a federal petition "premature," then the respondents would be able to secure the dismissal of a timely-filed federal petition with exhausted claims in a circumstance where the petitioner also was pursuing a state post-conviction petition that potentially might be held to be untimely. In that circumstance, once the state proceedings were completed, a later federal petition then likely would be untimely because an untimely state petition does not toll the federal limitation period. *Sherwood* was decided long before AEDPA's timeliness requirement and concerned a parallel direct appeal rather than a parallel post-conviction proceeding. The 1983 *Sherwood* decision should not be extended casually to the present context, which was not before the *Sherwood* panel, particularly given the substantial intervening statutory and jurisprudential developments in the past 28 years.

The Ninth Circuit held that a stay is not available as to a wholly unexhausted petition in *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), and *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

Petitioner contends that *Rasberry* holds only that a district court "may" dismiss a wholly unexhausted petition but is not required to do so. The full quotation in question reads as follows:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. Such an extension would result in a heavy burden on the district court to determine whether a petitioner who files a petition that on its face is unexhausted may have other exhausted claims that could have been raised. Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001) ("Once [Appellee] moved for dismissal, the district court was obliged to dismiss immediately, as the petition contained no exhausted claims." (quotation marks and citation omitted)).

448 F.3d at 1154.

*Rasberry*'s holding was that the district court "may" dismiss *without further inquiring as to whether the petitioner might present exhausted claims*. *Rasberry* does not detract from the established precedent holding that, upon determining that a petition is wholly unexhausted, the court is "obliged to dismiss immediately, as the petition contain[s] no exhausted claims." *Jiminez*, 276 F.3d at 481.

Petitioner further contends that the *Rasberry* panel did not address the discussion in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), regarding the filing of a "protective petition" in order to avoid the risk that a later federal petition might be untimely. Petitioner urges that *Pace* did not state that a protective petition was available only in the context of a mixed petition. However, the discussion in *Pace* quite clearly was in the context of a mixed petition:

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. . . . . A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *See Rhines v. Weber*, *ante*, 544 U.S., at 278, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. *Ibid*. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the *mixed* petition").

544 U.S. at 416-17, 125 S.Ct. 1813-14 (emphasis added).[12]

Even if this Court were to assume, *arguendo*, that a protective petition could be appropriately filed with no exhausted claims, the circumstances in this case clearly do not warrant the filing of such a petition. It is likely that *none* of the federal limitation period, not even a day, has elapsed as yet, and the pending state post-conviction proceedings clearly were timely filed. Regardless of whatever subjective confusion or concern that petitioner himself might have as to time bar rules, any such confusion is not reasonable in the present procedural context. Merely because petitioner filed his direct appeal one day late does not give rise to an objectively reasonable confusion as to all subsequent time bar rules. There is no basis for a protective filing here, even if otherwise available.

To the extent that petitioner relies upon authority from outside the Circuit, the Court is bound by the controlling Ninth Circuit authority in *Rasberry* and *Jiminez*. Absent intervening Supreme Court authority, only the *en banc* court can overturn the prior panel precedent.

---

[12] The petitioner in *Pace* had filed prior post-conviction proceedings and therefore had exhausted claims. 544 U.S. at 410-11, 125 S.Ct. at 1810. *Pace* thus clearly was not speaking to the situation of a wholly unexhausted petition.

The Court additionally notes that the *Rasberry* panel cited *Pace* as to another issue, so the panel clearly was aware of the decision.

-7-

In any event, even if the Court were to assume, *arguendo*, that a *Rhines* stay is available as to a wholly unexhausted state petition, petitioner has not satisfied the requirements for such a stay here.

In order to obtain a *Rhines* stay to return to the state courts to exhaust a claim or claims, the petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278, 125 S.Ct. 1535.

Petitioner has not demonstrated good cause for the failure to complete exhaustion in the state courts. At bottom, petitioner simply has "jumped the gun" by filing a federal petition prior to the completion of timely-filed state post-conviction proceedings. A holding that the continuing pendency of the state proceedings constituted "good cause" in this context merely would encourage the essentially pointless early filing of federal petitions, unnecessarily involving both the courts and the litigants in two proceedings. As the Court discussed in the preceding section, a habeas petitioner – if he has exhausted claims – need not wait for the completion of pending state post-conviction proceedings to seek federal habeas relief. If he does so, however, he should not expect, absent a reasonable basis for the early federal filing such as a significant timeliness issue in the state proceedings, to necessarily be granted a stay because the state proceedings that he did not wait to complete still are pending.[13]

The petition therefore will be dismissed without prejudice rather than stayed, on the showing and arguments made, as petitioner does not contest that the petition is unexhausted and cannot be exhausted prior to the completion of the state proceedings. Given the federal limitation situation, there is no prejudicial impact from a dismissal without prejudice.

---

[13] To the extent – if any – that the multiple unpublished district court decisions cited by petitioner are apposite in the first instance, the Court does not find the decisions persuasive as support for a finding of "good cause" in the procedural posture presented in this case. Petitioner presents a garden variety situation of a petitioner simply failing to wait for the state post-conviction proceedings to be completed. Absent either a *reasonable* concern that the state proceedings might be found to be untimely or extensive delays such as in *Phillips, supra*, merely failing to wait for the completion of the state proceedings does not give rise to a situation where there is good cause for the failure to exhaust.

***Additional Matters***

Petitioner's counsel states in the briefing that "[w]hile gathering the state court documents, counsel discovered that Brooks's [sic] state court habeas action . . . was still pending after remand from the Nevada Supreme Court."[14]

Counsel need have only read the Court's order granting the motion for appointment of counsel to discover that the state post-conviction proceedings still were pending:

> Following review of the counsel motion and the petition, the Court finds that the interests of justice warrant the appointment of counsel in light of the complexity of the potential procedural and substantive issues involved. The Court notes in this regard that while the present petition potentially may include exhausted claims that otherwise may be ripe for disposition, state post-conviction proceedings nonetheless remain ongoing. It further would appear that substantial unelapsed time may remain in the federal limitation period. Petitioner potentially may benefit from the advice of federal habeas counsel prior to pursuing a course that may foreclose the presentation of further claims.

#5, at 1.

Counsel perhaps might find reviewing even "routine" orders to be advisable. The Court uses forms as the starting – not the ending – point when drafting orders for the particular situation at hand. The Court drafts orders with the expectation that counsel will read them.

In this case, the Court was seeking to make sure that petitioner was properly advised before pursuing a procedural course that potentially could result in the later assertion of additional claims being barred under successive petition rules. That objective, in the main, has been achieved. The Court expresses no opinion as to whether the interests of justice would require the appointment of counsel on a later federal petition, should one be filed.

IT THEREFORE IS ORDERED that respondents' motion (#17) to dismiss is GRANTED, for the specified reasons assigned only.

IT FURTHER IS ORDERED that petitioner's motions (## 12 & 13) for a stay pending exhaustion of state court remedies or in the alternative for enlargement of time to file an amended petition are DENIED, on the showing and arguments made.

---

[14] #26, at 2.

IT FURTHER IS ORDERED that a certificate of appealabililty is DENIED. On the showing and arguments made in the district court, jurists of reason would not find the district court's dismissal of the petition without prejudice for lack of exhaustion to be debatable or wrong. Petitioner does not contest that the petition is wholly unexhausted and cannot be exhausted prior to the completion of the pending state post-conviction proceedings. Established Ninth Circuit precedent requires the dismissal of a wholly unexhausted petition rather than a stay. *Rasberry, supra; Jiminez, supra.*[15] Moreover, even if, *arguendo*, such a stay were available as to a wholly unexhausted petition, the Court has found under the *Rhines* criteria that petitioner has not demonstrated good cause for a stay. Petitioner simply "jumped the gun" and filed a federal petition prior to the completion of the pending state post-conviction proceedings, without any reasonable basis for concern as to either the state or federal limitation period. See text, *supra*, at 5-8.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED this 14th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[15] *Accord Creamer v. Ryan*, 2011 WL 219909 (9th Cir., Jan. 24, 2011); *Jones v. McDaniel*, 2009 WL 890915 (9th Cir., Apr. 2, 2009).