# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SOLOMON M. BROOKS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents.*

2:10-cv-00045-GMN-LRL

ORDER

    This closed represented habeas matter under 28 U.S.C. § 2254 comes before the Court on a post-judgment motion (#30) to vacate order and for evidentiary hearing filed by petitioner in proper person. This matter was closed by an order and final judgment entered on April 15, 2011, with no appeal being taken. The present *pro se* motion has been filed after the expiration of the period for seeking Rule 59 relief and therefore necessarily arises under Rule 60 of the Federal Rules of Civil Procedure.

    Petitioner is represented by the Federal Public Defender in this matter. He therefore may not file papers in proper person. There is no right to proceed both through counsel and in proper person in a habeas matter. The motion therefore will be stricken.

    Petitioner first should consult with his counsel in this matter. It appears that petitioner is out of physical custody and is living in Las Vegas, and counsel's office also is in Las Vegas. Of a number of possible alternatives, that consultation possibly could lead to counsel filing a motion to withdraw, but not necessarily so. In the meantime, petitioner may not file any proper person papers such as the present motion while he still is represented by counsel.

Petitioner's counsel is Assistant Public Defender Paul G. Turner, and his office telephone number is 702-388-6577. The office of the Federal Public Defender is located at 411 E. Bonneville, Suite 250, Las Vegas, Nevada 89101. However, petitioner first should call and make an appointment with counsel prior to seeking to meet with him. The Court will direct herein that counsel meet with petitioner within thirty (30) days of entry of this order, subject to the ability to request other relief within that time period as appropriate to the circumstances.

The Court expresses no opinion as to whether the circumstances outlined in the proper person motion establish a basis for post-judgment relief under Rule 60. This particular action has been, and at present continues to be, closed by a final judgment.

Nor does the Court express any opinion as to whether petitioner potentially might be able to file a new petition in a new action. The Court notes that this action was dismissed without prejudice with substantial unexpired time then apparently remaining in the federal limitation period. Moreover, a parolee remains in "custody" for purposes of federal habeas jurisdiction as to a new petition. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Petitioner, whether proceeding through counsel or otherwise, in all events has the final responsibility for seeking appropriate relief through an appropriate procedural vehicle within the one-year time limit for seeking federal habeas relief.

The Court holds in the present order only that petitioner may not file the present motion in proper person while he still is represented by counsel in this matter.

IT THEREFORE IS ORDERED that the proper person motion (#30) to vacate order and for evidentiary hearing is STRICKEN.

IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order, petitioner's counsel shall meet and consult, in person, with petitioner, subject to the ability to request other relief within that time period as appropriate to the circumstances.

IT FURTHER IS ORDERED that the Clerk of Court shall remove petitioner from the "Represented By" category on the docket sheet, as this Court has not allowed petitioner's counsel to withdraw and petitioner may not represent himself while represented by counsel

of record. The Clerk shall carry petitioner's contact information under his name in the left-hand column of the docket sheet, and the Clerk shall expressly reflect in the docket entry for this order that a hard copy of this order was mailed to petitioner at that address, over and above the electronic service on counsel herein.

This action remains closed.

DATED this 14th day of August, 2012.

_____
Gloria M. Navarro
United States District Judge