# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SOLOMON M. BROOKS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents.*

2:10-cv-00045-GMN-LRL

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on a motion (#33) to withdraw as counsel by the Federal Public Defender.

The motion is not opposed by petitioner. It follows upon an in-person conference between petitioner and counsel concerning the case. The record reflects that petitioner has been served by counsel with the motion. See ## 31-36.

The motion to withdraw will be granted, such that petitioner will be proceeding *pro se* in any further proceedings in the case, which remains closed at this juncture.

The Court repeats what it stated in a prior order:

> The Court expresses no opinion as to whether the circumstances outlined in the proper person motion [the stricken #30] establish a basis for post-judgment relief under Rule 60. This particular action has been, and at present continues to be, closed by a final judgment.
>
> Nor does the Court express any opinion as to whether petitioner potentially might be able to file a new petition in a new action. The Court notes that this action was dismissed without prejudice with substantial unexpired time then apparently remaining in the federal limitation period. Moreover, a parolee remains in "custody" for purposes of federal habeas jurisdiction as to a new

> petition. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Petitioner, whether proceeding through counsel or otherwise, in all events has the final responsibility for seeking appropriate relief through an appropriate procedural vehicle within the one-year time limit for seeking federal habeas relief.

#31, at 2.

Petitioner now is representing himself in connection with any proceedings in this case. If petitioner pursues a course of action whereby he fails to timely pursue appropriate relief through an appropriate procedural vehicle, his *pro se* status will not serve as a basis for avoiding the consequences of his litigation choices. The Court reiterates that nothing in the April 15, 2011, dismissal of this action without prejudice has precluded petitioner from filing a timely new petition in a new action presenting any exhausted claims. Moreover, the time for appealing the dismissal of this action as well as for seeking relief under Rule 59 or Rule 60(b)(1)-(3) of the Federal Rules of Civil Procedure already had expired at the time of petitioner's earlier *pro se* motion (#30). If petitioner chooses to attempt to relitigate the dismissal of this action after the expiration of the foregoing delays while failing to file a timely new petition with exhausted claims, petitioner's *pro se* status, again, will not serve as a basis for avoiding any adverse consequences of such a litigation choice.

IT THEREFORE IS ORDERED that the motion (#33) to withdraw as counsel is GRANTED and that the Federal Public Defender, appearing through Megan C. Hoffman, vice Paul G. Turner, is WITHDRAWN as counsel.

IT FURTHER IS ORDERED that the Clerk additionally shall send a copy of this order by United States Mail to the *pro se* petitioner at the address shown in #36, shall expressly state in the docket entry for this order that a copy of the order has been sent to petitioner at that address, and shall reflect the *pro se* petitioner's updated address on the docket sheet.

This action remains closed.

DATED this 16th day of January, 2013.

_____
GLORIA M. NAVARRO
United States District Judge