# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SOLOMON M. BROOKS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents.*

2:10-cv-00045-GMN-LRL

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on post-judgment motions (## 39 & 40) to reopen the case and for an evidentiary hearing filed by petitioner in proper person. The motion to reopen, as well as a prior stricken *pro se* motion by the then-represented petitioner, has been filed after the expiration of delays for seeking relief under Rule 59 of the Federal Rules of Civil Procedure. The motion therefore necessarily arises under Rule 60.

### *Background*

    Petitioner filed a federal petition in this matter while state post-conviction proceedings still were pending. The Court granted petitioner's motion for appointment of counsel and appointed the Federal Public Defender. The Court did so in part on the basis that "[p]etitioner potentially may benefit from the advice of federal habeas counsel prior to pursuing a course that may foreclose the presentation of further claims." #5, at 1.

    The represented petitioner thereafter filed a motion to, *inter alia*, stay the proceedings, and respondents filed a motion to dismiss the petition, *inter alia*, on the ground that the

petition was wholly unexhausted. Petitioner did not challenge the premise that the petition was wholly unexhausted but sought a stay under *Rhines v. Weber*, 544 U.S. 269 (2005).

The Court rejected the premise that a petitioner could obtain a stay of a wholly-unexhausted petition, and the Court further held that petitioner in any event had failed to demonstrate good cause for a *Rhines* stay.[1] The Court noted that it appeared from the state court procedural history that a statutorily-tolling state proceeding had been pending continuously from the October 15, 2007, through the April 14, 2011, date of the order.[2] As the Court summarized the situation in its denial of a certificate of appealability, "[p]etitioner simply 'jumped the gun' and filed a federal petition prior to the completion of the pending state post-conviction proceedings, without any reasonable basis for concern as to either the state or federal limitation period."[3]

The Court accordingly dismissed the action without prejudice. Final judgment dismissing the action without prejudice was entered on April 15, 2011. No appeal was taken from the dismissal.

More than a year later, on August 2, 2012, petitioner filed a proper person motion to vacate the dismissal and set an evidentiary hearing.[4]

The Court struck the motion because petitioner still was represented by counsel. The Court further directed that counsel and petitioner confer prior to further relief being sought. The Court stated:

> The Court expresses no opinion as to whether the circumstances outlined in the proper person motion establish a basis for post-judgment relief under Rule 60. This particular action has been, and at present continues to be, closed by a final judgment.

---

[1] #28, at 5-8.

[2] *Id.*, at 1-3 (including relevant state court procedural history at the time of the order).

[3] *Id.*, at 10.

[4] Petitioner was out of custody and on parole, so the prison mailbox rule did not apply to determine the date of filing. It appears that the motion in any event was either hand-filed or mailed on August 2, 2012. Under any and all such circumstances, the motion was filed more than a year after entry of final judgment.

> Nor does the Court express any opinion as to whether petitioner potentially might be able to file a new petition in a new action. The Court notes that this action was dismissed without prejudice with substantial unexpired time then apparently remaining in the federal limitation period. Moreover, a parolee remains in "custody" for purposes of federal habeas jurisdiction as to a new petition. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Petitioner, whether proceeding through counsel or otherwise, in all events has the final responsibility for seeking appropriate relief through an appropriate procedural vehicle within the one-year time limit for seeking federal habeas relief.
>
> The Court holds in the present order only that petitioner may not file the present motion in proper person while he still is represented by counsel in this matter.

#31, at 2.

Petitioner and counsel thereafter consulted, and counsel moved to withdraw.

In the order granting the motion to withdraw, the Court stated:

> Petitioner now is representing himself in connection with any proceedings in this case. If petitioner pursues a course of action whereby he fails to timely pursue appropriate relief through an appropriate procedural vehicle, his *pro se* status will not serve as a basis for avoiding the consequences of his litigation choices. The Court reiterates that nothing in the April 15, 2011, dismissal of this action without prejudice has precluded petitioner from filing a timely new petition in a new action presenting any exhausted claims. Moreover, the time for appealing the dismissal of this action as well as for seeking relief under Rule 59 or Rule 60(b)(1)-(3) of the Federal Rules of Civil Procedure already had expired at the time of petitioner's earlier *pro se* motion (#30). If petitioner chooses to attempt to relitigate the dismissal of this action after the expiration of the foregoing delays while failing to file a timely new petition with exhausted claims, petitioner's *pro se* status, again, will not serve as a basis for avoiding any adverse consequences of such a litigation choice.

#38, at 2.

### *Discussion*

In the present motion, petitioner seeks relief from the final judgment under Rule 60(b)(5) and (6).[5] Petitioner's arguments do not state a basis for reopening this closed action under either provision.

---

[5] The additional provisions of 28 U.S.C. § 2254 that he cites do not provide a basis for relief from a judgment dismissing a federal action, including a habeas action.

-3-

Petitioner contends that a November 15, 2012, state supreme court order affirming his conviction[6] "rendered moot" the failure to exhaust. Petitioner further contends that "[r]espondent's entire argument in favor of dismissal" rested on the premise that the petition was premature. He maintains that that prematurity issue also now is "moot" as the Supreme Court of Nevada has issued a final ruling in the state proceedings.

These arguments are without merit.

Petitioner's statement that respondents' entire argument was based upon prematurity is incorrect. Respondents sought to dismiss on the ground that the petition was premature *and* on the ground that the petition was wholly unexhausted. Moreover, the Court *rejected* the argument based on prematurity, instead basing its decision on lack of exhaustion. Petitioner's argument as to the purported "mootness" of an argument that did not provide a basis for the judgment entered clearly does not provide a basis for vacating the judgment.

Petitioner's mootness argument in all events is without merit, whether applied to the exhaustion issue or the prematurity issue. The dismissal of a prior federal petition without prejudice for lack of exhaustion does not become "moot" if the petitioner thereafter exhausts the previously unexhausted claims. The petitioner then would be able to file a new federal petition in a new action under a new docket number to present the exhausted claims. But the prior dismissal of the unexhausted petition would not become moot. Rather, the dismissal of the prior unexhausted petition by a final judgment would remain final, as to that closed old action under the old docket number.[7]

////

---

[6] Petitioner refers to the state high court's action as a December 20, 2012, order dismissing his appeal. Petitioner appears to be referring to the December 20, 2012, date that the state district court clerk filed a copy of the state supreme court's December 12, 2012, remittitur into the state district court record. The order of affirmance of his conviction – on an untimely appeal permitted via prior state post-conviction proceedings – was filed on November 15, 2012. The Court takes judicial notice of the online records in Nos. 57225 and 60074 in the state high court, at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[7] Similarly, the dismissal of an action by a final judgment as premature would not be "mooted" by the claims thereafter becoming ripe. A petitioner then would be able to file a new petition in a new action presenting the claims, but the prior final dismissal of the prior *arguendo* premature action would not be "moot." Rather, the prior dismissal would remain final as to that prior premature action.

The provisions of Rule 60(b)(5) and (6) otherwise do not provide a basis for relitigating issues decided by a prior final judgment.

The motion to reopen and associated motion therefore will be denied.

The Court has in two prior orders attempted to make the point to petitioner – in typically deferential judicial language - that further pursuit of efforts to reopen this old closed action is ill-advised. Petitioner apparently has not grasped the point that the Court has tried to make with such carefully-phrased language. Petitioner further refers in the present motions to the alleged failure of the state courts to speak to him in "plain English" on multiple occasions.

The Court will try to speak in plain English.

Mr. Brooks, you cannot reopen this old closed action under this old docket number. If you want to try to challenge your conviction in federal court, you must file a timely **new** petition in a **new** action under a **new** docket number. You must file the new petition in a new action under a new number within the one-year period allowed under 28 U.S.C. § 2244(d).

The Court expresses no opinion as to how much time -- if any -- is left in that federal one-year statute of limitations. Mr. Brooks, it is up to you to figure out how the statute of limitations applies to your challenge and to timely file a new petition in a new action under a new docket number before the year runs out, if it has not already done so. The smartest thing for you to do now is to file a new petition in a new action under a new docket number while there still – possibly – may be time left in the one-year statute of limitations.

If the one year runs out while you instead try to reopen this old closed action, you will not be able to challenge your conviction in federal court. That is, if you finally listen to what the Court repeatedly has been trying to tell you and finally file a new petition in a new action under a new docket number – but finally do that too late – you are not going to be able to avoid the dismissal of that untimely petition merely because you are a layperson unschooled in the law.

To put it in as plain of English as the Court possibly can, Mr. Brooks, if you want to continue to try to challenge your conviction, you must file a **new** petition in a **new** action under a **new** docket number **before** the one-year statute of limitations runs out.

**IT THEREFORE IS ORDERED** that petitioner's motions (## 39 & 40) to reopen the case and for an evidentiary hearing are **DENIED**.

**IT FURTHER IS ORDERED** that, to the extent that a certificate of appealability is required in this procedural context, a certificate of appealability is **DENIED**. Jurists of reason would not find the district court's denial of the motion to reopen the case to be debatable or wrong. The *arguendo* exhaustion of claims after a prior wholly-unexhausted federal petition has been dismissed for lack of exhaustion does not "moot" the prior dismissal of the wholly-unexhausted prior petition. A new petition in a new action under a new docket number instead must be filed by the petitioner. The Clerk of Court shall include a notation in the docket entry for this order that a certificate of appealability is denied by this order.

**IT FURTHER IS ORDERED** that the Clerk shall designate petitioner as a restricted filer on the docket sheet and shall accept no further filings from petitioner in this matter other than a notice of appeal.

**This action has been and remains CLOSED.** The Court will consider no further motions to reopen, for rehearing or reconsideration, and/or for other relief in this closed action.

**The Clerk shall SEND to petitioner along with this order two copies each of a noncapital habeas petition form and a pauper application for a non-prisoner, one copy of the instructions for each form, and one copy of #6 (both parts).** Petitioner may wish to note the law library resources available to *pro se* litigants in the Las Vegas area.[8]

DATED this 6th day of March, 2013.

_____
GLORIA M. NAVARRO
United States District Judge

---

[8] The Clark County Law Library is located at 309 South Third St., Suite #400, Las Vegas, Nevada; and the telephone number is 702-455-4696. The library's normal hours are 8 a.m. to 5 p.m. on Monday through Friday, and 10 a.m. to 5 p.m. on Saturday. The library is closed Sundays and holidays. The library offers Westlaw access. The Boyd Law School's law library is located on UNLV's Maryland Parkway campus; and the telephone number is 702-895-2400. The library's hours vary depending upon class session and holidays. On the web, see: http://www.clarkcountynv.gov/LawLibrary and http://law.unlv.edu/law-library/home.html.